ROBERT FRITZ **8387** No. 8387

VS . COURT OF APPEAL

JOHN CRUJAK : CITY OF NEW ORLEANS

: ::: :

- - -

WILLIAM A. BELL, JUDGE.

- - -

MAY 14, 1923.

Court of Appeal
Parish of Orleans
Filed May 14/23

██

By WILLIAM A. BELL, Judge.

Plaintiff sues defendant in the sum of $1570.00 for damages alleged to have been suffered by the falling of a portion of drain pipe from defendant's premises. The trial court rendered judgment for defendant and plaintiff has appealed.

There is no dispute that the accident happened or that plaintiff was actually injured thereby or that defendant is the owner of the property from which the falling object struck and injured plaintiff. The principal defense to this suit is that plaintiff, by his own negligence, caused the accident and, therefore, cannot recover.

We find after carefully examining the record, in which there is some conflicting evidence, that the facts of this case are as follows:

On February 20, 1919, the plaintiff, a colored man, helper on a brewery wagon, was delivering case goods to a saloon operated at No. 802 North Rampart Street; that adjoining this saloon, with a yard intervening, but without a fence separating the premises, was the property of defendant; that plaintiff, in obedience to instructions from the saloon-keeper, had delivered four or five cases in the yard, and while so engaged the funnel or top-most part of a down-pipe or drain was detached from defendant's house, to which it had been nailed, causing same to fall some twenty-five feet, striking plaintiff on the nose and inflicting a deep cut across the nose or face about an inch and three-quarters; that plaintiff as a result of the accident was so severely and painfully injured as to require his being removed to and retained at the Charity Hospital, where he was given the tetenus serum and confined for three weeks and unable to work for a total period of four weeks. The doctor testifying in the case declared that the scar resulting from the wound is, in his opinion, one that could not be removed.

Defendant answers this suit by alleging that he waives all technical defenses, admits the ownership of the property to which the drain and broken funnel was attached, but denies the accident which plaintiff claims to have suffered was caused in any manner by the negligence of the defendant or to the bad repair or faulty condition of his premises. The real and specific defense is framed in the following language:

> "That said accident or any injury suffered by plaintiff therefrom was caused by his own fault and negligence in repeatedly piling heavy cases of beer against the gutter-spout pipe of defendant's house and by continually jarring same, shaking same loose from its support; that said acts were negligent and were the direct cause of plaintiff's injury."

We are unable to find from the evidence that defendant has substantiated by any reasonable preponderance of evidence the specific defense undertaken in this case. On the contrary there is but one of the three witnesses summoned by him that makes any positive statement that the down-drain pipe, which extended almost to the brick yard beneath, was struck by any object, such as a beer case. This witness, and another of defendant's witnesses, ventures the remarkable theory that the proprietor of this saloon, not the plaintiff, moved the down-pipe out of alignment to make room for the piling of the cases. This latter fact is specifically denied by the proprietor, and defendant's second witness, on cross-examination as well as on re-direct examination, stated that the proprietor had not touched the pipe. The plaintiff himself positively swears that he never touched the down-pipe and did not place or throw any case or cases against it. Defendant produces a third witness, the agent of the defendant, who admits that the drain and funnel had been on the property for over four years without any repair whatsoever, and that the down-pipe which supported the funnel was held in place by thirty or more metal straps placed around the pipe and soldered to it and also nailed to the building. This same witness was allowed to testify to the locality of the drain-pipe two days after the accident, saying

828

that he found it's lower end had dropped to and was resting on the brick pavement of the yard. This fact, if true, does not in any manner prove that the plaintiff had, by any act of his, caused this or any other condition of the down-pipe or the funnel resting upon it, which could have resulted in the accident.

We are convinced from the evidence that the cause of the accident was natural deterioration of the funnel or upper portion of the drain-pipe, and that even though in the ordinary pursuit of his duties the plaintiff struck or shook the drain-pipe, that this of itself could not have caused the accident.

For these reasons, we think the judgment of the trial court should be reversed, and that plaintiff should be awarded reasonable damages, which from the evidence in this case, seem to be similar to and should be measured in a like amount in accordance with the ruling and award made by us in the case of Grand v. Toye Brothers Company, Inc., No. 8920 Orleans Appeal. The loss of time, suffering and the nature and extent of damages suffered by the plaintiff in this case would, in our opinion, be properly compensated by a judgment in the sum of $300.00.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert Fritz and against John Crujak, in the sum of Three Hundred Dollars ($300.00), with legal interest thereon, from judicial demand until paid, all costs in both courts to be borne by defendant.

JUDGMENT REVERSED. MAY 14, 1923.